# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN P. GIVEY** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 22-0298** |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF JUSTICE,** | : | |
| **EASTERN DISTRICT OF PA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    JULY 14, 2023

# MEMORANDUM OPINION

## INTRODUCTION

Petitioner Ryan P. Givey ("Petitioner"), proceeding *pro se*, filed a petition for a writ of *mandamus* (the "Mandamus Petition") against the Department of Justice, Eastern District of Pennsylvania, and Jennifer Arbittier Williams ("Williams"), in her official capacity as then-United States Attorney for the Eastern District of Pennsylvania (collectively, "Respondents"), in which he alleges the existence of a criminal conspiracy targeted at him, as detailed in a criminal complaint Petitioner previously made to the United States Department of Justice. [ECF 1]. In the Mandamus Petition, Petitioner also moved for a temporary emergency injunction, which this Court denied. [ECF 3].

Before this Court is Williams' motion to dismiss the Mandamus Petition based on three grounds, *to wit*: (1) lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1); (2) improper service, pursuant to Rule 12(b)(5);[1] and (3) failure to state a claim,

---

[1]     Williams subsequently withdrew the improper service argument in her reply, as Petitioner properly served the United States after the motion to dismiss was filed. (Williams' Reply, ECF 24, at p. 1).

pursuant to Rule 12(b)(6).  [ECF 21].  Petitioner opposes the motion.  [ECF 22].[2]  Because this

Court finds that it lacks subject-matter jurisdiction, it need not address Williams' other arguments

for dismissal and will dismiss this case in its entirety.

**BACKGROUND**

When ruling on a motion to dismiss under Rule 12(b)(1), a court must accept as true all

well-pleaded facts in the petition for a writ of *mandamus*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663

(2009); *see also Alvarez v. Raufer*, 2020 WL 1233565, at *4 (E.D. Pa. Mar. 12, 2020) (applying

the same standard to a motion to dismiss petition for a writ of *mandamus*).  The facts relevant to

the instant motion to dismiss, as best discerned from the Mandamus Petition, are summarized as

follows:[3]

> In August 2018, Petitioner filed a "Petition to Report Federal Crimes to Special Grand Jury or in the Alternative to Grand Jury Pursuant to the United States Constitution and 18 U.S.C. § 3332(a)" with the United States Department of Justice (the "DOJ Petition").[4]  In the DOJ Petition, Petitioner attempts to detail an elaborate criminal conspiracy targeting Petitioner and involving the Federal Bureau of Investigation, other law enforcement officers, attorneys involved in various lawsuits related to Petitioner, members of secret societies, the mafia, and other syndicates of organized crime.  In short, Petitioner "believes he is being attacked by a corrupt organization with millions of members, who have infiltrated businesses, school districts, law enforcement, our legal system and government organizations."  (Mandamus Pet., ECF 1, ¶ 703).

> Petitioner has not yet received any response to the DOJ Petition, and he fears for his safety and the safety of his family as a result of the alleged criminal conspiracy against him.  Consequently, Petitioner filed the Mandamus Petition, asking this Court to (1) order the United States Department of Justice to convene a federal special grand jury to consider his allegations of organized crime efforts as detailed in the DOJ Petition; (2) assign a special prosecutor to investigate the alleged criminal conspiracy; and (3) provide witness protection to Plaintiff, his children, and other cooperating witnesses.

---

[2]     This Court has also considered Williams' reply, [ECF 24], and Petitioner's sur-reply, [ECF 27].

[3]     These facts are drawn from the Mandamus Petition and its accompanying exhibits.  [ECF 1].

[4]     The DOJ Petition was attached to the Mandamus Petition as Exhibit A.  [ECF 1-1].

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and without jurisdiction conferred by the Constitution or by statute, courts lack the power to adjudicate claims. U.S. Const. art III, § 2. A case is properly dismissed for lack of subject-matter jurisdiction when the court does not have either the statutory or the constitutional power to adjudicate the case. *See id.* In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A *facial* attack "concerns 'an alleged pleading deficiency' whereas a *factual* attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (citations omitted). In other words, a facial challenge attacks the sufficiency of the pleading on its face without contesting its alleged facts. When a Rule 12(b)(1) motion is filed prior to an answer, as is this case, the motion will be considered a facial challenge to jurisdiction.[5] *Const. Party*, 757 F.3d at 358. In reviewing a facial challenge, "the court must only consider the allegations of the [petition] and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The burden of establishing the court's subject-matter jurisdiction rests with the party asserting its existence—here, Petitioner. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

---

[5]    A factual challenge "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." *Const. Party*, 757 F.3d at 358 (quoting *Mortensen*, 549 F.2d at 889–92).

"[C]ourts must accord special care to *pro se* claimants." *In re Energy Future Holdings Corp.*, 949 F.3d 806, 824 (3d Cir. 2020) (internal quotation marks and citation omitted). The court must liberally construe *pro se* filings, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, *pro se* petitioners may not "flout procedural rules." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (recognizing that *pro se* claimants must satisfy *Twombly* and *Iqbal*'s pleading standards).

**DISCUSSION**

Generally, a party may seek *mandamus* relief from a federal court pursuant to 28 U.S.C. § 1361. However, the remedy of *mandamus* is a drastic measure "to be invoked only in extraordinary situations." *Erving v. Ebbert*, 2013 WL 393371, at *3 (M.D. Pa. Jan. 31, 2013) (quoting *Stehney v. Perry*, 101 F. 3d 925, 935 (3d Cir. 1996)). Thus, the party seeking the issuance of a writ of *mandamus* must show that the right to the issuance of the writ is "clear and indisputable" by demonstrating that said party is owed "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Id.* (quoting *Volcy v. United States*, 469 F. App'x 82, 83–84 (3d Cir. 2012)).

As noted, Williams moves to dismiss the Mandamus Petition for lack of subject-matter jurisdiction, arguing that Petitioner's claims are frivolous and legally insufficient. A court may dismiss a federal claim for lack of subject-matter jurisdiction based on the legal insufficiency of the claim when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations omitted). A court can also dismiss

4

a complaint for lack of subject-matter jurisdiction where the claim is "wholly insubstantial and frivolous." *Gould*, 220 F.3d at 178 (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *see also Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016); *Radeschi v. Pennsylvania*, 846 F. Supp. 416, 419 (W.D. Pa. 1993). Similarly, a court may dismiss a *pro se* complaint that "makes no sense" where the court "ha[s] no idea what happened" to the plaintiff. *Lewis v. Pennsylvania*, 2020 WL 1158713, at *1 (E.D. Pa. Mar. 10, 2020). "Claims grounded in 'bizarre conspiracy theories, government manipulations of the mind, or supernatural intervention' have become prime candidates for jurisdictional dismissals." *Mina v. Chester Cnty.*, 2015 WL 6550543, at *8 (E.D. Pa. Oct. 29, 2015), *aff'd*, 679 F. App'x 192 (3d Cir. 2017) (quoting *Weisser v. Obama*, 2013 WL 4525319, at *1 (D.D.C. Aug. 27, 2013)).

Here, Petitioner mounts nearly 200 pages of allegations against Respondents in an attempt to detail an elaborate criminal conspiracy against him. While this Court must accept Petitioner's allegations as true, at this stage of the litigation, the Mandamus Petition is, however, replete with conclusory allegations of wrongdoing that lack any factual substance from which to discern any viable claims against Respondents. Even construing Petitioner's allegations liberally, Petitioner's allegations of the existence of a vast intrinsic conspiracy that includes, *inter alia*, secret societies, the mob, and the government, "make[] no sense" and cannot withstand Williams' challenge to subject-matter jurisdiction. *See Lewis*, 2020 WL 1158713, at *1; *Mina*, 2015 WL 6550543, at *8. Importantly, it is difficult to discern from Petitioner's allegations how Williams is related to the alleged criminal conspiracy, how the conspiracy functioned, and how the relief Petitioner seeks— even if this Court had the authority to grant it—would redress the harms. This Court is unable to unearth any viable federal action in the Mandamus Petition that would entitle Petitioner to the relief he seeks.

Further, this Court has no authority to order the relief Petitioner seeks—his and his family's admission to the witness protection program.  The authority to provide witness protection "for the health, safety, and welfare of Government witnesses and their families" properly belongs with the United States Marshals Service, not the Court.  28 C.F.R. § 0.111(c).

**CONCLUSION**

For the reasons set forth, Williams' motion to dismiss is granted, and the Mandamus Petition is dismissed in its entirety, with prejudice, for lack of subject-matter jurisdiction.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.